1  MAX E. CORRICK, II
   Nevada Bar No. 6609
2  OLSON, CANNON
   GORMLEY & DESRUISSEAUX
3  9950 W. Cheyenne Avenue
   Las Vegas, Nevada 89129
4  (702) 384-4012
   mcorrick@ocgd.com
5
   Attorneys for Defendant
6  HARTFORD CASUALTY
   INSURANCE COMPANY
7
                    **UNITED STATES DISTRICT COURT**
8
                         **DISTRICT OF NEVADA**
9
                             *   *   *   *
10
11  D.R. HORTON, INC., a Delaware corporation,     ) Case No.:
                                                    )
12                   Plaintiff,                     )
                                                    )
13           vs.                                    )
                                                    )
14  NATIONAL FIRE & MARINE INSURANCE               )
    COMPANY, a foreign corporation; ILLINOIS       )
15  UNION INSURANCE COMPANY, a foreign             )
    corporation; AMERICAN INTERNATIONAL           )
16  SPECIALITY LINES INSURANCE                     )
    COMPANY, a foreign corporation;                )
17  LEXINGTON INSURANCE COMPANY; a                 )
    foreign corporation; LIBERTY MUTUAL FIRE       ) **DEFENDANT HARTFORD**
18  INSURANCE COMPANY, a foreign                   ) **CASUALTY INSURANCE**
    corporation; ALLSTATE INSURANCE               ) **COMPANY'S PETITION FOR**
19  COMPANY, a foreign corporation; NORTH          ) **REMOVAL OF CIVIL ACTION**
    AMERICAN CAPACITY INSURANCE, a                 )
20  foreign corporation; COMMERCIAL                )
    UNDERWRITERS, a foreign corporation;           )
21  CLARENDON AMERICA INSURANCE                    )
    COMPANY, a foreign corporation; AMERICAN       )
22  SAFETY CASUALTY INSURANCE                      )
    COMPANY, a foreign corporation; ST. PAUL       )
23  MERCURY INSURANCE COMPANY, a                   )
    foreign corporation; HARTFORD CASUALTY         )
24  INSURANCE COMPANY; a foreign                   )
    corporation; NORTHBROOK PROPERTY AND           )
25  CASUALTY INSURANCE COMPANY, a                   )
    foreign corporation; FIREMAN'S FUND            )
26  INSURANCE COMPANY, a foreign                    )
    corporation; DOES I – X; ROE                   )
27  CORPORATIONS I – X,                            )
                                                    )
28                   Defendants.                    )
                                                    )

## DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S PETITION FOR REMOVAL OF CIVIL ACTION

TO :   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:

Petitioner, HARTFORD CASUALTY INSURANCE COMPANY (hereinafter "PETITIONER"), a Foreign Corporation respectfully shows:

1.     Petitioner is a Defendant in the above entitled action.

2.     On June 28, 2010, Plaintiffs filed this lawsuit now pending in the District Court, Clark County, Nevada, as Case No. A619751.   Plaintiff filed a First Amended Complaint on July 8, 2010.  Plaintiff then filed a Second Amended Complaint on August 27, 2010.  Plaintiff served the Petitioner through the Nevada Division of Insurance with a copy of the Summons and Second Amended Complaint on September 2, 2010.  Service was completed when the Nevada Division of Insurance serviced Petitioner with a copy of the Summons and Second Amended Complaint, by mail, on September 8, 2010.  Copies of the Second Amended Complaint, Summons and Notice of Service of Process are attached as Exhibits "A," "B," and "C" respectively.

3.     This Notice is timely filed pursuant to 28 U.S.C. §1446(a) and (b).

4.     The Second Amended Complaint in this case alleges that Plaintiff is a resident of the State of Delaware, doing business throughout the United States, including Nevada (See, Exhibit "A," ¶ 1).

5.     The Second Amended Complaint also alleges that PETITIONER is a "foreign corporation as was at all times relevant hereto, issuing policies and conducting business in Nevada," (See, Exhibit "A," ¶ 15).

6.     PETITIONER is informed, believes and therein alleges, that no other proceedings or papers have been filed in said action at the time this Notice of Removal is being filed with the Court.

7.     This action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332(a).  Further, this action is one which may be removed to this Court by PETITIONER pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil

OLSON, CANNON, GORMLEY & DESRUISSEAUX
Law Offices of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

action arising out of Plaintiff's Second Amended Complaint, which contains allegations that

several insurance carriers failed to defend the interest of Plaintiff against a construction defect

lawsuit involving a large scale residential project, known as the Mountainside development in

Las Vegas, NV.  Therefore, the amount in controversy likely exceeds $75,000.00, thus giving

this Court original jurisdiction over the matter.

   8. A copy of Petitioner's Notice of Filing Notice of Removal of the above entitled

action to the United States District Court, for the District of Nevada, together with a copy of the

Summons and Second Amended Complaint have been deposited with the Deputy Clerk in the

Clerk's Office for the Eighth Judicial District Court of the State of Nevada, in and for the County

of Clark. (*See,* copy of Notice of Filing Notice of Removal attached hereto as Exhibit "D").

   9. Copies of all pleadings and papers served upon PETITIONER in the above

entitled action are filed herewith.

   10. This Notice is filed in this Court within thirty (30) days after receipt by

PETITIONER herein of the Second Amended Complaint in the above entitled action.

   11. Attached hereto as Exhibit "E" is the Affidavit of Max E, Corrick, II, Attorney for

Petitioner.

   WHEREFORE, PETITIONER prays that the above entitled action be removed from the

Eighth Judicial District Court of the State of Nevada to this Honorable Court.


   DATED this _8_ day of October, 2010.

       OLSON, CANNON
       GORMLEY & DESRUISSEAUX


     By: _____
       MAX E. CORRICK, II
       Nevada Bar No. 6609
       9950 West Cheyenne Avenue
       Las Vegas, Nevada 89129
       Attorneys for Defendant
       HARTFORD CASUALTY
       INSURANCE COMPANY

*Law Offices of*
OLSON, CANNON, GORMLEY & DESRUISSEAUX
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

## CERTIFICATE OF MAILING

The undersigned, an employee of OLSON, CANNON, GORMLEY & DESRUISSEAUX, hereby certifies that on the 8th day of October, 2010, she also caused to be deposited in a sealed envelope, a copy of the DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S PETITION FOR REMOVAL OF CIVIL ACTION in the United States Mail with first-class postage affixed thereto to the following persons:

> Jack C. Juan, Esq.
> Shane W. Clayton, Esq.
> MARQUIS & AURBACH
> 10001 Park Run Drive
> Las Vegas, Nevada 89145
> 382-5816 fax
> Attorneys for Plaintiff

_Barbara Abbott_
AN EMPLOYEE OF OLSON, CANNON,
GORMLEY & DESRUISSEAUX

Law Offices of
OLSON, CANNON, GORMLEY & DESRUISSEAUX
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

# EXHIBIT "A"

Electronically Filed
08/27/2010 05:26:51 PM

CLERK OF THE COURT

RECEIVED

SEP - 2 2010

DIVISION OF INSURANCE
STATE OF NEVADA

COMP
Marquis & Aurbach
JACK C JUAN, ESQ.
Nevada Bar No. 6367
SHANE W. CLAYTON, ESQ.
Nevada Bar No. 8783
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
jjuan@marquisaurbach.com
sclayton@marquisaurbach.com
Attorneys for Plaintiff D.R. Horton, Inc.

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DISTRICT COURT

CLARK COUNTY, NEVADA

D.R. HORTON, INC., a Delaware corporation,

Plaintiff,

vs.

NATIONAL FIRE & MARINE INSURANCE
COMPANY, a foreign corporation; ILLINOIS
UNION INSURANCE COMPANY, a foreign
corporation; AMERICAN INTERNATIONAL
SPECIALTY LINES INSURANCE
COMPANY, a foreign corporation;
LEXINGTON INSURANCE COMPANY, a
foreign corporation; LIBERTY MUTUAL FIRE
INSURANCE COMPANY, a foreign
corporation; ALLSTATE INSURANCE
COMPANY, a foreign corporation; NORTH
AMERICAN CAPACITY INSURANCE, a
foreign corporation; COMMERCIAL
UNDERWRITERS, a foreign corporation;
CLARENDON AMERICA INSURANCE
COMPANY, a foreign corporation; AMERICAN
SAFETY CASUALTY INSURANCE
COMPANY, a foreign corporation; ST. PAUL
MERCURY INSURANCE COMPANY, a
foreign corporation; HARTFORD CASUALTY
INSURANCE COMPANY, a foreign
corporation; NORTHBROOK PROPERTY AND
CASUALTY INSURANCE COMPANY, a
foreign corporation; FIREMAN'S FUND
INSURANCE COMPANY, a foreign
corporation; DOES I – X; ROE
CORPORATIONS I – X,

Defendants.

Case No.:    A-10-619751-C
Dept. No.:   XXIV

SECOND AMENDED COMPLAINT

Page 1 of 18

M&A:01936-022 1107537_1 DOC 8/27/2010 10:20 AM

1

2

3

4

## SECOND AMENDED COMPLAINT

Plaintiff, D.R. Horton Inc. (DRH), through the law firm of Marquis & Aurbach, complains against the Defendants and alleges as follows:

## THE PARTIES

5

6

1.     DRH is a Delaware corporation, doing business throughout the United States, including Nevada.

7

8

2.     National Fire and Marine Insurance Company (NFM) is a foreign corporation, doing business throughout the United States, including Nevada.

9

10

3.     Illinois Union Insurance Company (IUI) is a foreign corporation and at all times relevant hereto, issuing policies and conducting business in Nevada.

11

12

13

4.     American International Specialty Lines Insurance Company (AISLIC) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

14

15

5.     Lexington Insurance Company (Lexington) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

16

17

6.     AISLIC and Lexington are affiliated with and/or owned by American International Group, and will collectively be referred to as AIG.

18

19

7.     Liberty Mutual Fire Insurance Company (Liberty Mutual) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

20

21

8.     Allstate Insurance Company is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

22

23

9.     North American Capacity Insurance Company is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

24

25

10.    Commercial Underwriters is an insurance company and a foreign corporation, and was at all times relevant hereto, issuing policies and conducting business in Nevada.

26

27

11.    Commercial Underwriters and North American Capacity are affiliated companies and will collectively be referred to as NAC.

28

M&A.01936-022 1107537_1.DOC 8/27/2010 10:20 AM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

12. Clarendon America Insurance Company (Clarendon) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

13. American Safety Casualty Insurance Company (American Safety) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

14. St. Paul Mercury Insurance Company (St. Paul) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

15. Hartford Casualty Insurance Company (The Hartford) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

16. Northbrook Property and Casualty Insurance Company (Northbrook) is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

17. Fireman's Fund Insurance Company is a foreign corporation and was at all times relevant hereto, issuing policies and conducting business in Nevada.

18. All of the defendants herein will collectively be referred to herein as "the carriers."

19. The true names and capacities whether individual, corporate, associate or otherwise of Defendants named herein as DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive are unknown to Plaintiff.  Said DOE and ROE Defendants are responsible for damages suffered by Plaintiff.  Therefore, Plaintiff sues said Defendants by such fictitious names.  Plaintiff will ask leave to amend this Complaint to show the true names and capacities of each DOE and ROE Defendants at such time as the same has been ascertained.

## THE PROJECT

20. DRH contracted with various subcontractors for the construction of residences in the Mountainside development located in Las Vegas, Nevada.

///

///

M&A:01936-022 1107537_1.DOC 8/27/2010 10:20 AM

21.   On or about May 17, 2006, homeowners in the Mountainside development (hereinafter "the homeowners") served a Notice on DRH pursuant to Chapter 40 of the Nevada Revised Statutes, alleging construction defects in their residences.

22.   The homeowners served subsequent notices on DRH as well, which DRH has responded to by performing repairs pursuant to Chapter 40 of the Nevada Revised Statutes.

23.   Pursuant to their promise, contractual obligation and agreement with DRH, these contractors agreed to, among other things, the following:

3.   Performance of Work. Contractor's acceptance/commencement of the Work shall be deemed as Contractor's agreement to complete the Work by the completion date specified by an authorized Horton employee and Contractor's acknowledgment that Contractor has inspected the job location and approves of the requirements so specified. Contractor acknowledges that TIME IS OF THE ESSENCE in the performance of all Work. Contractor shall coordinate with Horton all Work scheduled and cooperate with other contractors. Contractor shall perform all Work in a good and workmanlike manner, in accordance with the plans and specifications of Horton, according to industry standard practices, and warrants that all work will meet or exceed FHA minimum property standards, VA requirements and any applicable building code requirements. All Work shall be performed to the satisfaction of Horton. Contractor acknowledges that Contractor is thoroughly familiar with the plans and specifications as such plans and specifications affect the Work and materials herein contracted for. Contractor shall be responsible for inspecting any work of another contractor that may affect Contractor's own Work, an shall report in writing to Horton any defects prior to commencement of any Work, or Contractor shall be deemed to have accepted such work for inclusion into Contractor's Work. Contractor shall secure and maintain all permits, licenses and approvals necessary for or applicable to the performance of the Work hereunder. When Horton orders in writing, Contractor shall make any and all changes in the Work as directed by Horton's authorized representative, and adjustments to the prices shall be made only in accordance with a "Variance to Purchase Order" signed by Horton and Contractor prior to the commencement of such changes.

8.   Warranties. Contractor warrants to Horton and the purchaser (and subsequent owners) of the residence to which the Work relates(herein collectively referred to as the "Homeowner") that all labor performed and materials furnished by Contractor shall conform to the specifications of this Agreement, be of good quality and free of faults expressly warrants that the Work shall remain free of defect for a period of at least two (2) years from the date of purchase by Homeowner, with an extended warranty of ten (10) years for foundation systems, beams, girders, lintels, columns, wall, partitions, floor systems, and roof framing systems (caused by failure of load bearing systems) from the date that Horton conveys to the Homeowner the structure in which the Work has been incorporated, and shall meet or exceed FHA minimum property standards, VA requirements and any applicable building code requirements. In addition to any other warranties provided herein, Contractor hereby warrants its workmanship and materials in full accordance with Residential Warranty Corporation ("RWC") program and all applicable sections of the RWC Manual of Approved Standards, which Contractor has read, understands and by which Contractor agrees to be

Page 4 of 18

M&A:01936-072 1107537_1.DOC 8/27/2010 10:20 AM

bound. All work not conforming to the aforementioned requirements shall be considered to be defective. If, within the time periods set forth in the foregoing warranty (or for a period of ten (10) years for latent defects), any of the Work is found to be defective or not in accordance with the terms of this Agreement, Contractor shall promptly correct such Work or replace or repair any defective material upon notice from Horton. Contractor agrees to make all repairs and correct such defects under the applicable warranty within twenty-four (24) hours of notice of such defect in an emergency (as determined by Horton in its sole discretion) and within seven days of notice of such defect on a non-emergency basis. Horton many, at its sole election, choose to repair defects in or replace warranted Work through its own employees or through the employees of a third party. Contractor agrees to reimburse Horton for all costs and expenses incurred in repairing or replacing warranted work. Reimbursement of these costs and expenses is due upon demand by Horton. The performance/fulfillment of any warranty repair responsibilities by Horton or any other third party will not affect, minimize or in any way obviate Contractor's warranty obligations, Contractor's indemnity provided for herein, or the ability of Horton to request Contractor to perform warranty services in the future. Contractor shall furnish all warranties and/or guarantees by manufacturers on appliances and equipment and shall furnish all certificates required by any municipality and/or VA and/or FHA. The foregoing is in addition to all other warranties provided by law or otherwise and not in limitation of periods of applicable statutes of limitation.

11.  CONTRACTOR'S INDEMNITY AND WAIVER.  TO THE FULLEST EXTENT PERMITTED BY LAW, CONTRACTOR HEREBY AGREES TO PROTECT, DEFEND, INDEMNIFY, AND HOLD OWNER, ITS PARENT CORPORATION, SUBSIDIARIES AND AFFILIATES, AND ANY OF THEIR RESPECTIVE OFFICERS, DIRECTORS, PARTNERS, EMPLOYEES, AGENTS AND INSURERS, (HEREIN COLLECTIVELY REFERRED TO AS THE "INDEMNITEE"), FREE AND HARMLESS FROM AND AGAINST ANY AND ALL CLAIMS, DEMANDS, CAUSES OF ACTIONS, SUITS, OR OTHER LITIGATION OF EVERY KIND AND CHARACTER (INCLUDING ALL COSTS THEREOF AND ATTORNEYS' FEES), WHETHER ASSERTED BY THE HOMEOWNER, CONTRACTOR, OR ANY THIRD PARTY (INCLUDING, BUT NOT LIMITED TO, PERSONNEL FURNISHED BY CONTRACTOR, ITS SUPPLIERS AND PERMITTED SUBCONTRACTORS OF ANY TIER), ON ACCOUNT OF BODILY OR PERSONAL INJURY, DEATH, OR DAMAGE TO OR LOSS OF PROPERTY (INCLUDING THE LOSS OF USE THEREOF), (HEREIN COLLECTIVELY REFERRED TO AS "LOSS"), IN ANY WAY OCCURRING, INCIDENT TO, ARISING OUT OF, OR IN CONNECTION WITH: (I) A BREACH OF THE WARRANTIES, REPRESENTATIONS, OBLIGATIONS, AND COVENANTS PROVIDED HEREIN BY CONTRACTOR; (II) THE WORK PERFORMED OR TO BE PERFORMED BY CONTRACTOR OR CONTRACTOR'S PERSONNEL, AGENTS, SUPPLIERS, OR PERMITTED SUBCONTRACTORS; OR (III) ANY NEGLIGENT ACTION AND/OR OMISSION OF THE INDEMNITEE RELATED IN ANY WAY TO THE WORK, EVEN WHEN THE LOSS IS CAUSED BY THE FAULT OR NEGLIGENCE OF THE INDEMNITEE. ANY PAYMENTS BY CONTRACTOR UNDER THIS PARAGRAPH ON BEHALF OF THE INDEMNITEE SHALL BE IN ADDITION TO ANY AND ALL OTHER LEGAL REMEDIES AVAILABLE TO THE INDEMNITEE AND SHALL NOT BE CONSIDERED THE INDEMNITEE'S EXCLUSIVE REMEDY. CONTRACTOR AND CONTRACTOR'S EMPLOYEES, PERSONNEL, AGENTS, AND PERMITTED SUBCONTRACTORS SHALL BE SOLELY

M&A:01936-022 1107537_1.DOC 8/27/2010 10:20 AM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

RESPONSIBLE FOR THEIR RESPECTIVE TOOLS AND EQUIPMENT, AND HEREBY WAIVE ANY RIGHT OF RECOVERY AGAINST THE INDEMNITEE WITH RESPECT TO ANY LOSS INVOLVING SUCH TOOLS OR EQUIPMENT IN ANY WAY OCCURRING, INCIDENT TO, ARISING OUT OF, OR IN CONNECTION WITH, THE WORK TO BE PERFORMED HEREUNDER.

12.   Insurance. Contractor agrees to carry: (a) Broad Form Commercial General Liability Insurance on an Occurrence Form, naming the Indemnitee as an additional insured with completed operations coverage and containing a per occurrence limit of no less than One Million Dollars ($1,000,000.00), and an aggregate limit of no less than One Million Dollars ($1,000,000.00) protecting against bodily injury, broad form property damage, and personal injury claims arising from the exposures of: (i) premises-operations; (ii) products and completed operations including materials designed, furnished, and/or modified in any way by Contractor; (iii) independent subcontractors; (iv) contractual liability risk covering the indemnity obligations set forth in this Agreement; and (v) property damage resulting from explosion, collapse, or underground (x, c, u) exposures; (b) Worker's Compensation Insurance that provides statutory benefits and coverage such that Owner will have no liability to Contractor's personnel, employees or agents; and (c) Professional Liability Insurance for Architects, Engineers, Surveyors, and other Professional Service Organizations, that provides a per claim limit of no less than One Million Dollars ($1,000,000.00) and an aggregate of no less than One Million Dollars ($1,000,000.00) protecting against faulty design and faulty professional judgment. Owner and Contractor (collectively, the Parties) intend and agree that the coverage obtained by Contractor naming Owner as an additional insured as set forth herein shall apply on a primary basis with any insurance of Owner being excess coverage. Such coverages will be carried absolute discretion. Such insurance shall provide for a waiver of subrogation. Contractor shall provide evidence that such insurance is in full force by furnishing Horton with a Certificate of Insurance, or certified copies of the above polices. Each Certificate of Insurance or policy shall contain an unqualified clause to the effect that the policy shall not be subject to cancellation, nonrenewal, adverse change, or reduction of amounts of coverage without thirty (30) days' prior written notice to Horton. The amounts and types of insurance set forth herein are the minimums required by Horton and shall not be substituted for an independent determination by Contractor of the amounts and types of insurance which Contractor shall determine to be reasonably necessary to protect itself and the Work required to be performed under this Agreement. NOTWITHSTANDING THE FOREGOING, IN THE EVENT THAT CONTRACTOR FAILS TO PROVIDE TO HORTON EVIDENCE OF SUCH INSURANCE AS REQUIRED HEREUNDER, HORTON SHALL BE ENTITLED, BUT SHALL NOT BE OBLIGATED, TO (A) WITHHOLD FROM AMOUNTS OTHERWISE PAYABLE UNDER THIS AGREEMENT AN AMOUNT, ESTABLISHED BY HORTON IN ITS SOLE AND ABSOLUTE DISCRETION, TO PAY ITS COST OF INSURANCE ASSOCIATED WITH CONTRACTOR'S PERSONNEL, EMPLOYEES OR AGENTS UNDER HORTON'S WORKER'S COMPENSATION OR GENERAL LIABILITY INSURANCE, AND TO PAY HORTON AN ADMINISTRATIVE FEE OR PERMITTING SUCH COVERAGE, SUCH WITHHOLDING BEING EXPRESSLY ACKNOWLEDGED AND AUTHORIZED BY CONTRACTOR'S EXECUTION OF THIS AGREEMENT; OR (B) ACCEPT FROM CONTRACTOR A WAIVER OF INSURANCE TO THE EXTENT PERMITTED AND MADE IN ACCORDANCE WITH THE REQUIREMENTS OF ANY APPLICABLE STATUTES OR REGULATIONS.

Page 6 of 18

M&A:01936-022 1107537_1.DOC 8/27/2010 10:20 AM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711; FAX: (702) 383-5816

13.   Subcontractors.  If Contractor subcontracts any of the Work to the extent permitted under this Agreement, Contractor guarantees that such third party shall indemnify Horton and meet all insurance requirements set forth herein. Prior to the subcontractor's commencement of the Work, Contractor shall obtain a signed agreement from such third party indemnifying Horton and provide to Horton evidence of satisfactory insurance.  In addition, Contractor shall require that such supplier or subcontractor indemnify Horton from all losses arising from any materials or labor incorporated into the Work.

24.   DRH is an additional insured under various insurance policies issued by the carriers to Bel Air Plastering, Campbell Concrete, Efficient Electric, First Premier Drywall, K&K Framers, OPM, Inc., d.b.a. ABC Roofing, Quality Wood Products, Southern Nevada Cabinets and Sunrise Mechanical.

25.   The Contractors and the Defendant insurance carriers have thus promised, represented, warranted, and contractually agreed to defend, pay for the defense of and indemnify the Plaintiff DRH from the NRS Chapter 40.600 et seq. notice of constructional defects concerning the Mountainside Residential Development.

26.   Plaintiff DRH demanded, requested and tendered repeatedly to the Defendant's insurance carriers for such defense.  However, the Defendant insurance carriers have refused and/or not fully complied with their duties and obligations owed to Plaintiff DRH.

## THE NATIONAL FIRE & MARINE POLICIES

27.   National Fire & Marine issued multiple policies to First Premier Drywall & Paint, including policy numbers 72LP147318, 72LPN231633 and 72LPN269650 naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

28.   DRH tendered its defense to National Fire & Marine under each of these policies, as well as any other existing policies.

29.   However, on August 29, 2008, National Fire & Marine wrongfully denied DRH's tender of defense, even though it accepted DRH's tender of defense under these same policies in the Meisterpark North case.

30.   National Fire & Marine also issued policies to OPM, Inc., including policy numbers 72LPE688158, 72LPN278490 and 72LPS000689 naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

Page 7 of 18

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

1    31.   DRH tendered its defense to National Fire & Marine under each of these policies,

2    as well as any other existing policies.

3    32.   However, on October 3, 2008, National Fire & Marine wrongfully, unjustifiably

4    and without cause denied DRH's tender of defense.

5    33.   National Fire & Marine's handling of this claim was unreasonable, oppressive and

6    malicious, violated Nevada law governing fair claims practices and warrants an award of

7    punitive damages.

8              ## THE ILLINOIS UNION INSURANCE POLICIES

9    34.   IUI issued policy number OGL050239 and other policies to Bel Air Plastering

10   naming DRH as an additional insured and agreeing to provide DRH commercial general liability

11   insurance coverage.

12   35.   DRH tendered its defense to IUI as an additional insured under all Bel Air

13   Plastering policies.

14   36.   On November 20, 2008, IUI wrongfully and unjustifiably denied DRH's tender of

15   defense claiming that DRH was not an additional insured.

16   37.   IUI issued policy number BND710 and other policies to OPM, Inc., naming DRH

17   as an additional insured and agreeing to provide DRH commercial general liability insurance

18   coverage.

19   38.   On at least two separate occasions DRH tendered its defense to IUI as an

20   additional insured under all OPM, Inc., policies.

21   39.   IUI has failed and refused to even acknowledge DRH's tenders of defense.

22   40.   IUI's handling of these claims was unreasonable, oppressive and malicious,

23   violated Nevada law governing fair claims practices and warrants an award of punitive damages.

24             ## THE AIG POLICIES

25   41.   AIG issued policy number GL933-22-07 and other policies to Campbell Concrete

26   naming DRH as an additional insured and agreeing to provide DRH commercial general liability

27   insurance coverage.

28   ///

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:01936-022 1107537_1.DOC 5/27/2010 10:20 AM

42.     On multiple occasions DRH tendered its defense to AIG as an additional insured under all Campbell Concrete policies.

43.     Only recently, and after sending AIG multiple tenders of defense over the past few years has AIG acknowledged DRH's claims.

44.     Subsequently, AIG wrongfully and unjustifiably failed to participate in DRH's defense.

45.     AIG issued policy number 1140526 and 1070434 and other policies to Efficient Electric, naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

46.     DRH tendered its defense to AIG as an additional insured under all Efficient Electric policies.

47.     However, on September 9, 2008, AIG wrongfully and unjustifiably denied DRH's tender of defense.

48.     AIG issued policy numbers 1140803, 1141653, 0995777 and 1144579 to Sunrise Mechanical, naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

49.     After acknowledging DRH's claim for additional insured coverage, over the next four years AIG requested information from DRH which information was always promptly provided.

50.     However, to date AIG has yet to formally accept DRH's tender of defense although it has acknowledged its obligations to do so.

51.     AIG's handling of these claims was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

### THE LIBERTY MUTUAL POLICIES

52.     Liberty Mutual issued policy number RG2-C51-004344-186 and other policies to Efficient Electric naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

///

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX (702) 382-5816

M&A:01936-022 1107537_1.DOC 8/27/2010 10:20 AM

53.     DRH tendered its defense to Liberty Mutual as an additional insured under all Efficient Electric policies.

54.     After taking almost a year and a half to investigate the claim, on February 8, 2010, Liberty Mutual wrongfully and unjustifiably rejected DRH's tender of defense.

55.     The basis for Liberty Mutual's rejection was that Efficient Electric's work was not implicated by the claimants' Chapter 40 Notices of Defect.

56.     Liberty Mutual's contention that Efficient Electric's work was not implicated is false.

57.     Liberty Mutual's handling of this claim was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

## THE ALLSTATE POLICIES

58.     Allstate issued policy number 50285071 and other policies to Efficient Electric naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

59.     DRH tendered its defense to Allstate as an additional insured under all Efficient Electric policies.

60.     On March 13, 2008, Allstate wrongfully and unjustifiably rejected DRH's tender of defense.

61.     The basis for Allstate's rejection was that Efficient Electric's work was not implicated by the claimants' Chapter 40 Notices of Defect and that there was no resultant property damage.

62.     Allstate's basis for denying DRH's tender is completely without merit.

63.     Allstate's handling of this claim was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

///

///

///

Page 10 of 18

M&A:01936-022 1107537_1.DOC 8/23/2010 10:20 AM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## THE NAC POLICIES

64.   North American Capacity issued policy number BJG0000334-00 and other policies to First Premier Drywall & Paint naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

65.   On January 29, 2008, North American Capacity denied DRH's tender because the additional endorsements issued in favor of DRH were allegedly not approved by North American Capacity.

66.   Commercial Underwriters issued policy number PL2291969 to First Premier Drywall & Paint naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

67.   DRH tendered its defense to NAC as an additional insured under all First Premier Drywall & Paint policies.

68.   On March 6, 2009, Commercial Underwriters accepted DRH's tender of defense.

69.   However, since that time, Commercial Underwriters has wrongfully failed and refused to participate in the defense of DRH even after numerous pleas from DRH to assist DRH in defending itself.

70.   NAC's handling of this claim was oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

## THE CLARENDON POLICIES

71.   Clarendon issued policy number NWG0001050 and other policies to First Premier Drywall & Paint naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

72.   On multiple occasions DRH has tendered its defense to Clarendon as an additional insured under all First Premier Drywall & Paint policies.

73.   Approximately two years after first receiving notice of this claim via multiple tenders of defense sent by DRH, Clarendon has wrongfully and unjustifiably denied DRH's tender of defense.

///

Page 11 of 18

M&A:01936-022 1107537_1.DOC 8/27/2010 10:20 AM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

74.     Clarendon's handling of this claim was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

## THE AMERICAN SAFETY POLICIES

75.     American Safety issued policies to K&K Framers naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

76.     DRH tendered its defense to American Safety as an additional insured under all K&K policies.

77.     On November 19, 2008, well over a year after American Safety first received notice of this claim, American Safety wrongfully and unjustifiably rejected DRH's tender of defense.

78.     Among the many wrongful reasons for American Safety's rejection of DRH's tender is that the Mountainside project was "not on file" with American Safety.

79.     To date, American Safety has yet to provide an adequate explanation as to what it means for a project to be "on file" with American Safety, nor has American Safety provided any instruction as to how to get a project "on file" with American Safety.

80.     American Safety's handling of this claim was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

## THE ST. PAUL POLICIES

81.     St. Paul Mercury issued policy number CK01900961 as well as other policies to Quality Wood naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

82.     DRH tendered its defense to St. Paul Mercury as an additional insured under all Quality Wood policies.

83.     On November 7, 2008, St. Paul Mercury wrongfully and unjustifiably rejected DRH's tender of defense.

84.     The basis for St. Paul Mercury's denial of DRH's tender was that DRH is allegedly not an additional insured under the Quality Wood policies.

Page 12 of 18

M&A:01936-022 1107537_1.DOC 8/27/2010 10:20 AM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

85.   St. Paul's handling of this claim was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

### THE HARTFORD POLICIES

86.   The Hartford issued policy number 53SBATE1150 as well as other policies to Southern Nevada Cabinets naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

87.   DRH tendered its defense to The Hartford as an additional insured under all Southern Nevada Cabinets policies.

88.   On February 27, 2008, The Hartford wrongfully and unjustifiably rejected DRH's tender of defense.

89.   The wrongful basis for The Hartford's denial of DRH's tender was that the contract work was completed prior to the inception of the policy.

90.   The Hartford's handling of this claim was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

### THE NORTHBROOK INSURANCE POLICIES

91.   Northbrook issued policy number BPP0614133 as well as other policies to Southern Nevada Cabinets naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

92.   DRH tendered its defense Northbrook as an additional insured under all Southern Nevada Cabinets policies.

93.   However, to date Northbrook has wrongfully and unjustifiably failed to even acknowledge DRH's tender of defense even after DRH has sent Northbrook multiple tenders over the past several years.

94.   Northbrook's handling of this claim (or lack thereof) has been unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

///

M&A:01936-022 1107537_1.DOC 8/27/2010 10:20 AM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## THE FIREMAN'S FUND POLICIES

95.   Fireman's Fund issued policy number MZX80679726, MZG80708385, MZX80738924 and MZX8076470 as well as other policies to Southern Nevada Cabinets naming DRH as an additional insured and agreeing to provide DRH commercial general liability insurance coverage.

96.   DRH tendered its defense to Fireman's Fund as an additional insured under all Southern Nevada Cabinets policies.

97.   However, years after DRH first tendered its defense to Fireman's Fund, Fireman's Fund has wrongfully and unjustifiably failed to affirm or deny coverage under the policies even though DRH has tendered its defense to Fireman's Fund on multiple occasions.

98.   Fireman's Fund's handling of this claim was unreasonable, oppressive and malicious, violated Nevada law governing fair claims practices and warrants an award of punitive damages.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract—against all Defendants)

99.   DRH realleges and incorporates by reference the prior paragraphs of this Complaint as though fully set forth herein.

100.   DRH entered into one or more insurance contracts with the carriers by virtue of the policies issued which name DRH as an additional insured.

101.   The carriers breached the policies when they denied DRH's tender or accepted DRH's tender but refused to fully participate in the defense of DRH.

102.   As a direct and proximate cause of the carriers' breaches, DRH has been damaged in an amount to be proven at trial.

103.   DRH has been required to obtain the services of Marquis & Aurbach to prosecute this claim, and is entitled to recover reasonable attorney fees and other costs incurred in this litigation as special damages, in addition to any other relief to which it may be entitled.

///

///

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

M&A:01936-022 1107537_1 DOC 8/27/2010 10:20 AM

1

## SECOND CLAIM FOR RELIEF
(Tortious Breach of Implied Covenant of Good Faith and Fair Dealing—against all
Defendants)

2

3      104.   DRH realleges and incorporates by reference the prior paragraphs of this

4   Complaint as though fully set forth herein.

5      105.   A covenant of good faith and fair dealing is implied into every contract construed

6   pursuant to Nevada law, including the policies mentioned hereinabove.

7      106.   The carriers breached the implied covenant of good faith and fair dealing in

8   various ways, including but not limited to denying DRH's claims, not fully funding DRH's

9   defense and as such, performed in a manner unfaithful to the terms of the policies.

10      107.   As a direct and proximate cause of the carriers' breaches, DRH has been damaged

11   in an amount to be proven at trial.

12      108.   By its actions, the carriers are guilty of oppression, fraud and/or malice, expressed

13   or implied.

14      109.   Accordingly, in addition to compensatory damages, DRH may recover punitive

15   damages for the sake of example and by way of punishing the carriers.

16      110.   DRH has been required to obtain the services of Marquis & Aurbach to prosecute

17   this claim, and is entitled to recover reasonable attorney fees and other costs incurred in this

18   litigation as special damages, in addition to any other relief to which it may be entitled.

19

## THIRD CLAIM FOR RELIEF
(Violations of NRS 686A.310—against all Defendants)

20

21      111.   DRH realleges and incorporates by reference the prior paragraphs of this

   Complaint as though fully set forth herein.

22

23      112.   At all times relevant and material hereto, NRS 686A.310 was in full force and

   effect.

24

25      113.   The carriers violated NRS 686A.310 in various ways, including, but not limited

26   to:

27      a.   Failing to acknowledge and act reasonably promptly upon communications with

28   respect to claims arising under insurance policies;

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 15 of 18

M&A:01936-022 1107537_1.DOC 8/27/2010 10:20 AM

b.     Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies;

c.     Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured;

d.     Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear;

e.     Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered;

f.     Failing to settle claims promptly, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; and/or

g.     Failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of his claim or for an offer to settle or compromise his claim.

h.     Unreasonably withdrawing defense and coverage of certain claims less than a week before trial of all claims was scheduled to commence.

i.     Compromising the insured's claims against third parties for which the insurers denied and withdraw defense and coverage.

114.   As a direct and proximate cause of the carriers' breaches, DRH has been damaged in an amount to be proven at trial.

115.   By their actions, the carriers are guilty of oppression, fraud and/or malice, express or implied.

116.   Accordingly, in addition to compensatory damages, DRH may recover punitive damages for the sake of example and by way of punishing the carriers.

///

///

Page 16 of 18

M&A:01936-022 1107537_1.DOC 8/27/2010 10:20 AM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

5.    For an award of reasonable attorney fees and costs of suit incurred herein; and

6.    For such other and further relief as the Court may deem just and proper.

Dated this ⟋⟋ day of August, 2010.

MARQUIS & AURBACH

By _____
Jack C. Juan, Esq.
Nevada Bar No. 6367
Shane W. Clayton, Esq.
Nevada Bar No. 8783
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Plaintiff

M&A:01936-022 1107537_1.DOC 8/27/2010 10:20 AM

# EXHIBIT "B"

## SUMMONS - CIVIL

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

### HARTFORD CASUALTY INSURANCE COMPANY

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

1.  If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

    (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

    (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2.  Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

///
///
///
///
///
///
///
///
///

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:01936-022 1138814_1.DOC 8/31/2010 11:54 AM

4.   The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

STEVEN D. GRIERSON
CLERK OF COURT

By: MICHELLE MCCARTHY                          AUG 3 1 2010
     Deputy Clerk                                      Date
     Regional Justice Central
     200 Lewis Avenue
     Las Vegas, NV 89155

Issued at the direction of:

MARQUIS & AURBACH

By
    Jack C. Juan, Esq.
    Nevada Bar No. 6367
    Shane W. Clayton, Esq.
    Nevada Bar No. 8783
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    Attorneys for Plaintiff D.R. Horton, Inc.

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 3 of 3

M&A:01936-022 1138814_1.DOC 8/31/2010 11:54 AM



Hasler

016H2650056B
$07.000
09/08/2010
Mailed From 89101
US POSTAGE

7009 2250 0000 2397 1760

Bag 3843
COMMISSIONER OF INSURANCE
2501 E. Sahara Ave., Suite 302
Las Vegas, NV 89104

Address Correction Requested

HARTFORD CASUALTY INSURANCE COMPANY
C/O CSC SERVICES OF NEVADA
502 EAST JOHN STREET
CARSON CITY, NV 89706

# EXHIBIT "C"

PROOF OF SERVICE

I hereby declare that on this day I served a copy of the Summons and Second Amended Complaint upon defendant **HARTFORD CASUALTY INSURANCE COMPANY** in the within entitled matter, by mailing a copy thereof, properly addressed with postage prepaid, certified mail, return receipt requested, to the following:

> C/O CSC SERVICES OF NEVADA
> 502 EAST JOHN STREET
> CARSON CITY, NV  89706

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED this 8th day of September, 2010.

_Marilyn Brasfield_

MARILYN BRASFIELD
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

Court: Eighth Judicial District Court, Clark County, Nevada
Case Name:  D.R. Horton, Inc. v. National Fire & Marine Ins. Co.
Case No. A10619751
Certified Receipt No. 7009 2250 0000 2397 1780



State of Nevada, Division of Insurance
This document on which this certificate
is stamped is a full, true and correct
copy of the original.

Date 09.08.10  By: _____

-1-



CORPORATION SERVICE COMPANY

# Notice of Service of Process

SLM / ALL
Transmittal Number: 7992765
Date Processed: 09/13/2010

| Primary Contact: | Mr. Michael Johnson Law Department<br>The Hartford<br>One Hartford Plaza<br>Law Department<br>Hartford, CT 06105 |
|---|---|

| Entity: | Hartford Casualty Insurance Company<br>Entity ID Number 2344251 |
|---|---|
| Entity Served: | Hartford Casualty Insurance Company |
| Title of Action: | D.R. Horton, Inc. vs. National Fire & Marine Insurance Company |
| Document(s) Type: | Summons and Amended Complaint |
| Nature of Action: | Contract |
| Court: | Clark County District Court, Nevada |
| Case Number: | A-10-619751-C |
| Jurisdiction Served: | Nevada |
| Date Served on CSC: | 09/10/2010 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | Dept of Ins-NV on 09/02/2010 |
| How Served: | Certified Mail |
| Sender Information: | Jack C. Juan<br>702-382-0711 |

LAW DEPARTMENT

SEP 1 4 '10

RECEIVED

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com



RECEIVED
SEP 1 6 2010
CCG - Legal

JIM GIBBONS
*Governor*

DIANNE CORNWALL
*Director*

STATE OF NEVADA



BRETT J. BARRATT
*Commissioner of Insurance*

DEPARTMENT OF BUSINESS AND INDUSTRY

## DIVISION OF INSURANCE

September 8, 2010

2501 E. Sahara Avenue, No. 302

Las Vegas, Nevada   89104

**(702) 486-4009  •  Fax (702) 486-4007**

E-mail: insinfo@doi.nv.gov

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
# 7009 2250 0000 2397 1780

HARTFORD CASUALTY INSURANCE COMPANY
C/O CSC SERVICES OF NEVADA
502 EAST JOHN STREET
CARSON CITY, NV  89706

Re:   Case No.      A10619751
      Case Name:   <u>D.R. Horton, Inc. v. National Fire & Marine Ins. Co.</u>

Dear Agent:

The enclosed the Summons and Second Amended Complaint in the matter referenced above, were delivered to the office of the Commissioner of Insurance, on September 2, 2010, in accordance with NRS 680A.260. To complete service of process, we are forthwith mailing by certified mail one of the copies of such process to you, the person designated by the insurer to receive such.

Also enclosed herein is a true and correct copy of the Proof of Service in this matter dated September 8, 2010, and a copy of our letter to Plaintiff's counsel, dated September 8, 2010.

You have 30 days from the date of this service to respond.

If you have any questions regarding this service, please do not hesitate to contact us.

Cordially yours,
BRETT J. BARRATT
Commissioner of Insurance

Marilyn Brasfield
Service of Process Clerk
Telephone: 702.486.4060
Email: mbrasfield@doi.state.nv.us
Enclosures

INPO Rev. 8-10)                                                                 L 233

JIM GIBBONS
*Governor*

STATE OF NEVADA

BRETT J. BARRATT
*Commissioner of Insurance*

DIANNE CORNWALL
*Director*



## DEPARTMENT OF BUSINESS AND INDUSTRY
## DIVISION OF INSURANCE
### 2501 E. Sahara Avenue, No. 302
### Las Vegas, Nevada   89104
### (702) 486-4009  •  Fax (702) 486-4007
### E-mail: insinfo@doi.nv.gov

September 8, 2010

SHANE W. CLAYTON, ESQ.
MARQUIS & AURBACH
10001 PARK RUN DRIVE
LAS VEGAS, NV 89145

Re:   Case No.   A10619751
      Case Name:   <u>D.R. Horton, Inc. v. National Fire & Marine Ins. Co.</u>

Dear Mr. Clayton:

On September 2, 2010, the Summons and Second Amended Complaint in the matter referenced above were delivered to the office of the Commissioner of Insurance.

To complete service of process, we have forthwith mailed by certified mail one copy of such documents in the matter referenced above to the entity currently designated by the insurer to receive such process. We are forwarding to you by first class mail the following:

1.   A receipt in the amount of $420.00, for fourteen services at $30.00 each.
2.   A copy of our letter to the insurance company, dated September 8, 2010.
3.   The original Proof of Service, dated September 8, 2010, and served upon HARTFORD CASUALTY INSURANCE COMPANY.

Please be aware that all documents after initial Service of Process may be served directly to the party. See NRS 680A.260, 685A.200 and 685B.050.

If you have any questions regarding this service, please contact us.

Cordially yours,
BRETT J. BARRATT
Commissioner of Insurance

Marilyn Brasfield
Service of Process Clerk
Telephone: 702.486.4060
Email: mbrasfield@doi.state.nv.us
Enclosures

(15320 Rev 1-10)

L 233

# EXHIBIT "D"

MAX E. CORRICK, II
Nevada Bar No. 6609
OLSON, CANNON
GORMLEY & DESRUISSEAUX
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012
mcorrick@ocgd.com

Attorneys for Defendant
HARTFORD CASUALTY
INSURANCE COMPANY

Law Offices of
OLSON, CANNON, GORMLEY & DESRUISSEAUX
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

# DISTRICT COURT

## CLARK COUNTY NEVADA

\* \* \* \*

| | |
|---|---|
| D.R. HORTON, INC., a Delaware corporation, | Case No.:  A619751 |
| | Dept. No.:  XXIV |
| Plaintiff, | |
| | |
| vs. | |
| | |
| NATIONAL FIRE & MARINE INSURANCE COMPANY, a foreign corporation; ILLINOIS UNION INSURANCE COMPANY, a foreign corporation; AMERICAN INTERNATIONAL SPECIALITY LINES INSURANCE COMPANY, a foreign corporation; LEXINGTON INSURANCE COMPANY; a foreign corporation; LIBERTY MUTUAL FIRE INSURANCE COMPANY, a foreign corporation; ALLSTATE INSURANCE COMPANY, a foreign corporation; NORTH AMERICAN CAPACITY INSURANCE, a foreign corporation; COMMERCIAL UNDERWRITERS, a foreign corporation; CLARENDON AMERICA INSURANCE COMPANY, a foreign corporation; AMERICAN SAFETY CASUALTY INSURANCE COMPANY, a foreign corporation; ST. PAUL MERCURY INSURANCE COMPANY, a foreign corporation; HARTFORD CASUALTY INSURANCE COMPANY; a foreign corporation; NORTHBROOK PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign corporation; FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation; DOES I – X; ROE CORPORATIONS I – X, | **DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S NOTICE OF FILING PETITION FOR REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA** |
| Defendants. | |

**<u>DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S</u>**
**<u>NOTICE OF FILING PETITION FOR REMOVAL OF CIVIL ACTION</u>**
**<u>TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA</u>**

Defendant, HARTFORD CASUALTY INSURANCE COMPANY, a Foreign

Corporation, hereby gives Notice that it has filed a Petition for Removal of the above-entitled

cause with the United States District Court for the District of Nevada; a copy of which is attached

hereto as Exhibit "A."

DATED this ⸺ day of October, 2010.

OLSON, CANNON
GORMLEY & DESRUISSEAUX


By: ⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺
MAX E. CORRICK, II
Nevada Bar No. 6609
9950 West Cheyenne Avenue
Las Vegas, Nevada  89129
Attorneys for Defendant
HARTFORD CASUALTY
INSURANCE COMPANY

**CERTIFICATE OF MAILING**

The undersigned, an employee of OLSON, CANNON, GORMLEY &

DESRUISSEAUX, hereby certifies that on the 8th day of October, 2010, she also caused to be

deposited in a sealed envelope, a copy of the DEFENDANT HARTFORD CASUALTY

INSURANCE COMPANY'S NOTICE OF FILING PETITION FOR REMOVAL OF CIVIL

ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

in the United States Mail with first-class postage affixed thereto to the following persons:

> Jack C. Juan, Esq.
> Shane W. Clayton, Esq.
> MARQUIS & AURBACH
> 10001 Park Run Drive
> Las Vegas, Nevada 89145
> 382-5816 fax
> Attorneys for Plaintiff

_Barbara Olson_
AN EMPLOYEE OF OLSON, CANNON,
GORMLEY & DESRUISSEAUX

# EXHIBIT "E"

## AFFIDAVIT OF MAX E. CORRICK, II

STATE OF NEVADA          )
                         ) ss:
COUNTY OF CLARK          )

MAX E. CORRICK, II, being first duly sworn, deposes and says;

1.      That Affiant is a duly licensed practicing attorney in the State of Nevada and in the United States District Court, District of Nevada, and that Affiant is a partner of the law firm of Olson, Cannon, Gormley & Desruisseaux;

2.      That Affiant is the attorney for Petitioner Hartford Casualty Insurance Company and that your Affiant has prepared and read the foregoing Petition for Removal and knows the matters set forth and contained therein to be true and correct to the best of Affiant's knowledge and belief;

3.      That Affiant further states that on October 8, 2010, Affiant caused to be filed with the Clerk of the Eighth Judicial District Court, a copy of Petitioners' Petition for Removal of the above entitled action to the United States District Court for the District of Nevada at Las Vegas, together with all the Exhibits by depositing such copies with the Deputy Clerk in the Clerk's Office for the Eighth Judicial District Court of the State of Nevada at the office of the County Clerk, Clark County Courthouse, Las Vegas, Nevada 89155;

4.      That your Affiant caused to be served a Notice and a copy of the Petition for Removal upon Jack C. Juan, Esq., Attorney of Record for Plaintiff, in the above entitled action by depositing the same in the United States Mail on October 8, 2010, in an envelope properly addressed to 10001 Park Run Drive, Las Vegas, Nevada 89145;

FURTHER, Affiant sayeth naught.



MAX E. CORRICK, II

SUBSCRIBED AND SWORN to before me
this $8th$ day of October, 2010.

NOTARY PUBLIC



NOTARY PUBLIC
County of Clark-State of Nevada
BARBARA ABBOTT
No. 99-56789-1
My Appointment Expires May 26, 2013